IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROLAND ADAMS,

        Defendant.
_____/

CR. NO. S-02-0560 EJG
CIV. NO. S-06-2337 EJG

<u>ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE</u>

    Defendant, a federal prisoner proceeding <u>pro se</u>, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. <u>Shah v. United States</u>, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

///

1

BACKGROUND

Defendant was indicted on June 20, 2002 on multiple counts of wire fraud and money laundering and two counts of criminal forfeiture (hereafter referred to as the "fraud case", Cr. No. S-02-0257), and on December 19, 2002 on one count of unlawful procurement of naturalization and one count of making a false statement (hereafter referred to as the "immigration case", Cr. No. S-02-0560).  The cases were ordered related, but were not consolidated.  On August 18, 2003, pursuant to a plea agreement, defendant pled guilty in the fraud case to one count of conspiracy to commit wire fraud and one count of conspiracy to launder money, and agreed to waive a jury trial on the forfeiture counts.  In exchange, the United States agreed to recommend dismissal of the five remaining counts.  The forfeiture issues were resolved in September of 2003, some by way of stipulation, and others pursuant to an evidentiary hearing held before the court, culminating in the entry of an order of forfeiture.

In December of 2003, defendant moved to withdraw his guilty plea in the fraud case, which motion was denied following an evidentiary hearing on March 19, 2004.  In April 2004, defendant proceeded to jury trial on the immigration case and was convicted of one count of unlawful procurement of citizenship or naturalization, in violation of 18 U.S.C. § 1425(a), and one count of making a false statement, in violation of 18 U.S.C. § 1001.  The fraud and immigration cases were consolidated for

sentencing and defendant was sentenced in both cases on March 11, 2005 to an aggregate term of 97 months imprisonment and three years supervised release. In addition, restitution in the amount of $1.2 million was imposed in the fraud case. Defendant appealed his convictions and sentences in both cases.

In a memorandum opinion filed June 29, 2006, the Ninth Circuit affirmed defendant's convictions and sentence in full, with one exception. The appellate court remanded the forfeiture order, finding that the district court erroneously considered as tainted proceeds funds acquired <u>outside</u> the time period of the indictment in its calculation of fraud proceeds.[1] While the cases were on appeal, defendant filed a series of motions, most of which were held in abeyance pending resolution of the appeal.

Following appellate remand, a series of status conferences and a hearing were held. These culminated in the entry of an amended judgment in the fraud case on July 20, 2007 (imposing the same sentence with a modified forfeiture order) and issuance of a briefing schedule for all of defendant's pending motions. Defendant has filed an appeal from the amended judgment. The court has denied for lack of jurisdiction all pending motions relating to the fraud case, and has resolved all pending motions

---

[1] The appeal was denied in all other respects. Specifically, the court noted, "Adams raises a host of other challenges to his convictions and sentence. None has merit. Adams convictions and sentence are AFFIRMED, except that we VACATE the district court's forfeiture order and REMAND for further proceedings consistent with this disposition." <u>United States v. Adams</u>, 189 Fed. Appx. 600 (9th Cir. 2006).

related to the immigration case, except this motion to vacate, set aside or correct sentence.

## DISCUSSION

### A. Procedural default

The opening motion purports to raise more than 20 separate claims, all of which the court has carefully examined. With the exception of two of those claims, ineffective assistance of counsel and exclusion of testimony of former counsel, all of the remaining claims are procedurally barred. In other words, defendant is precluded from asserting claims on collateral review which he failed to raise on direct appeal, absent an explanation for his failure to do so.[2] "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas *only* if the defendant can first demonstrate either "cause" and actual "prejudice"[citations omitted] or that he is "actually innocent. . . ." Bousley v. United States, 118 S.Ct. 1604, 1611 (1998) (emphasis added). Defendant has offered no evidence of cause and prejudice for failure to raise these claims on appeal, nor has he demonstrated actual innocence of the crimes charged.

///

---

[2] Only two issues were raised on direct appeal of the immigration case. First, defendant argued that trial counsel was ineffective for arguing the wrong burden of proof and for failing to produce at trial evidence promised during opening statement. Second, defendant contended that it was error for the court to exclude testimony of former defense counsel concerning the meaning and effect of a plea agreement in the fraud case. Appellant's Opening brief, 2005 WL 4655454, filed December 12, 2005.

4

B. <u>Exclusion of testimony of former counsel</u>

In this claim for relief, labeled VII(2) in the opening motion, defendant argues that the government erroneously interfered with his attempt to call former counsel as a witness. Apparently, defendant refers to the government's objection to the testimony of former counsel, Matthew Bockman, which was excluded by the court. This issue was decided adversely to defendant on direct appeal.[3] He may not relitigate it on collateral review absent changed circumstances of law or fact, neither of which are present here. <u>Olmstead v. United States</u>, 55 F.3d 316, 319 (7th Cir. 1995). <u>See also</u> <u>United States v. Redd</u>, 759 F.2d 699, 701 (9th Cir. 1985) (federal habeas petition may not be used to relitigate issues already decided on direct appeal).

C. <u>Ineffective Assistance of Counsel</u>

In his opening motion, defendant alleges, without elaboration or factual specification, that trial and appellate counsel were ineffective in the following ways: failure to investigate; failure to file motions; failure to inform defendant of the consequences of his guilty plea in a related case; inadequate trial preparation; denial of right to testify in his own behalf; and failure to raise issues on appeal. In his reply brief, and labeled "C. Whether Defendant Was Denied His Sixth Amendment Right to Effective Assistance of Counsel," defendant

---

[3] The issue was fully briefed on appeal and implicitly rejected by the Ninth Circuit. <u>See</u> <u>infra</u> fn. 1 & 2.

5

1  expands on only two of counsel's asserted deficiencies: denial of
2  the right to testify, and failure to inform him of the
3  consequences of his plea in a related case.
4     To prevail on a claim of ineffective assistance of counsel,
5  defendant must demonstrate that counsel's performance was
6  deficient and fell below an "objective standard of
7  reasonableness", and that but for the deficiencies, "there is a
8  reasonable probability" the outcome would have been different.
9  See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).
10 The court need not address the two separate prongs in any
11 particular order, nor does it need to address both of them.  "In
12 particular, a court need not determine whether counsel's
13 performance was deficient before examining the prejudice
14 suffered. . . . The object of an ineffectiveness claim is not to
15 grade counsel's performance.  If it is easier to dispose of an
16 ineffectiveness claim on the ground of lack of sufficient
17 prejudice, . . . that course should be followed."  Id. at 697.
18    Applying these standards to the laundry list of deficiencies
19 alleged by defendant, the court reaches the following
20 conclusions.  Defendant's assertions that counsel failed to
21 investigate, failed to file motions, failed to adequately prepare
22 for trial, and failed to raise issues on appeal, contain no
23 factual support.  Defendant fails to explain how any of these
24 actions or failures to act by his trial and appellate attorneys
25 detrimentally affected his case.  He does not say what motions

6

1  should have been filed, not what investigation or trial
2  preparation should have been undertaken.  Instead, he merely
3  concludes that defendant was incompetent for not raising the
4  myriad of issues defendant now raises.
5      Defendant's unsubstantiated speculation is insufficient to
6  overcome his attorneys' strategic decisions made prior to, at the
7  time of, and after trial.  Counsel is presumed to have provided
8  adequate assistance and to have made decisions on the basis of
9  reasoned professional judgment.  <u>Strickland</u>, 466 U.S. at 690.
10 Second guessing of counsel's tactical decisions after conviction
11 cannot form a basis for a claim of ineffective assistance.  <u>Id.</u>
12 at 689 (counsel's performance must be evaluated without the
13 "distorting effects of hindsight").  Moreover, even if defendant
14 were able to show that counsels' errors constituted deficient
15 performance, he has not demonstrated that the outcome would have
16 been different but for those errors.  Finally, conclusory
17 allegations bereft of supporting facts do not merit habeas
18 relief.  <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994).  "A
19 habeas petitioner has the burden of showing through evidentiary
20 proof that counsel's performance was deficient." <u>James v.</u>
21 <u>Lamarque</u>, 2006 WL 2501542 *20 (N.D. Cal., filed Aug. 28, 2006).
22     The remaining two alleged deficiencies, although elaborated
23 upon in defendant's reply brief, fair no better.  The allegation
24 that counsel denied defendant the right to testify on his own
25 behalf, also fails for lack of evidence.  Defendant alleges,

7

without evidentiary support, that trial counsel's own personal problems preoccupied his time and prevented him from preparing defendant to testify.  However, defendant provides neither his own declaration that he wanted to testify, nor a declaration of counsel attesting to a lack of witness preparation time.  While a defendant possesses an absolute right to testify on his own behalf, citing his **entitlement** to that right without any **evidence** that it was denied, does not convert the right into a claim.

Lastly, defendant's allegation that counsel was ineffective for failing to inform him of the consequences of a guilty plea in a related case are factually inapposite.  During the five-year plus lifespan of these cases defendant has been represented by no less than six attorneys, half of whom were appointed and half of whom were of defendant's own choosing.  During the eighteen months between indictment and trial in the instant case, defendant was represented by three different attorneys at three different times.  The attorney defendant accuses of incompetence with respect to the plea agreement, Matthew Bockman, was **not** the attorney who represented defendant at the trial of the immigration case!  In fact, the issue of the former attorney's competence in relation to the plea agreement has already been decided adversely to defendant by this court.[4]  Defendant cannot

---

[4] In denying defendant's motion to withdraw the plea, the court stated, "There is no evidence that Mr. Bachman [sic] rendered ineffective assistance of counsel in handling the case in recommending Defendant's acceptance of the plea agreement, and I now find that Defendant's pleas of guilty were entered into knowingly and voluntarily, with full knowledge of the

8

relitigate the issue, nor impute the former attorney's actions to the trial attorney in the instant case.

## CONCLUSION

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED.  The Clerk of Court is directed to close companion case, CIV. NO. S-06-2337 EJG.

IT IS SO ORDERED.

Dated: March 5, 2008

>                              /s/ Edward J. Garcia
>                              EDWARD J. GARCIA, JUDGE
>                              UNITED STATES DISTRICT COURT

---

consequences of his guilty pleas." Transcript of hearing on motion to withdraw plea, April 9, 2004, 8:9-14.

9